I iWICKER, Judge,
concurring.
I respectfully concur with the majority opinion. Clearly, Harold was injured in the course and scope of her employment. Her condition was caused and/or aggravated by the distress she suffered while so employed. She is disabled for life. I concur in the decree but believe the result is an extremely harsh one which was never intended by the basic philosophy of the worker’s compensation law. I agree with Justice Dennis’ dissent in Charles v. The Travelers Ins. Co., 627 So.2d. 1366, 1373 (La.1993) that the dichotomy imposed by La.R.S. 23:1021(7)(e) unfairly places a more stringent burden of proof on a worker suffering a heart-related injury. As explained by Justice Dennis:
Article I, § 3 of the 1974 Louisiana Constitution commands the courts to refuse to enforce a legislative classification of individuals on the basis of physical condition unless the state or other advocate shows that the classification has a reasonable basis. Sibley v. Bd. of Sup’s of Louisiana State U., 477 So.2d 1094, 1107 (La.1985). La.R.S. 23:1021(7)(e) on its face imposes a more stringent burden of proof on different classes of persons according to their physical condition. The statute creates two classes: 1) a class of workers compensation plaintiffs that have suffered heart-related or perivascular injury, illness, or death; and 2) a class of workers compensation plaintiffs that have not suffered heart-related or perivascular injury. Victims in the former class are required to prove by clear and convincing evidence that the work stress was extraordinary and unusual, and that this work stress and nor some other source of stress or preexisting condition was the predominant and major cause of the injury. Those in the latter class must only show that their injury arose out of and in the course of employment.
Nevertheless, I am bound by the Louisiana Supreme Court in Charles, supra at 1370 to apply the more stringent burden of proof of La.R.S. 23:1021(7)(e) to this case.